UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOAQUIN ANTONIO TAPIA-CASTREJON,

        Plaintiff,                         Case No. 14-CV-8080-WHP

      v.

SAHARA EAST RESTAURANT CORP.,
and MAHMOUD AHMED ALI GOMAA,

        Defendants.
_____

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY CLASS ACTION

Defendants SAHARA EAST RESTAURANT CORP.,and MAHMOUD AHMED ALI GOMAA hereby submit their memorandum of law in opposition to plaintiff's motion to conditionally certify a class action.

This Court should deny plaintiff's motion for 1 or more of the following 5 reasons:

First, plaintiff offers only a bare hearsay assertion that defendants allegedly violated the FLSA as to the other proposed class members.  Plaintiff asserts (by hearsay) that some other employees allegedly told him that they (other employees) allegedly received certain monetary amounts which plaintiff implies (never states) were in violation of the FLSA (DE 30 par.9-12). This bare hearsay assertion, without further proof, is insufficient to certify a class action with its significant litigation burdens. *Myers v. Hertz Corp.,* 624 F.3d 537, 548 (2d Cir. 2010) (bare averments insufficient); *Jenkins v. TJX Companies, Inc.,* 853 F.Supp.2d 317, 321 (E.D.N.Y. 2012) ("plaintiff's own deposition testimony", without more, is insufficient to warrant FLSA class action – class action motion denied).

Second, the hearsay assertion which plaintiff makes does not even allege a violation. Absent an allegation of an FLSA violation concerning other employees, there is no basis for an FLSA class action. *Guillen v. Marshalls of MA, Inc.,* 750 F.Supp.2d 469, 475 (S.D.N.Y. 2010) (named plaintiffs must make a "showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan *that violated the law*"; emp.added – class action motion denied, citing other cases), re-affirmed, 841 F.Supp.2d 797 (S.D.N.Y. 2012).

The deficiencies in plaintiff's affidavit are clear. Plaintiff avers (by hearsay) that defendants paid 4 waiters "approximately between $2.00 and $3.00 per hour" (DE 30 par.10). This is not an FLSA violation. The FLSA permits employers to pay tipped employees (such as waiters) $2.13 per hour provided that tips are sufficient to supplement the $2.13/hour to the minimum-wage level. *Dorsey v. TGT Consulting LLC,* 888 F.Supp.2d 670, 680 (D.Md. 2012) ("Tipped employees are required to receive at least the minimum wage, but their employers are permitted to pay a direct wage of $2.13 per hour and then take a tip credit to meet the ... minimum wage requirement.... In other words, an employer satisfies the FLSA if he pays his tipped employees at least $2.13 per hour."). With regard to the 4 waiters, therefore, plaintiff does not even allege a violation (DE 30 par.10).

The same applies to the dishwasher whom plaintiff alleges (by hearsay) made "approximately $300 per week" (DE 30 par.11). According to plaintiff, the dishwasher worked "approximately" 4 or 5 days per week (plaintiff apparently is uncertain) and worked "approximately" 10 hours per day, after allowing an hour for a break. *Id.* This also fails to allege a violation, assuming plaintiff's hearsay averment can be credited in the first place.

The same applies to the cook whom plaintiff alleges worked "approximately" 10 hours per day, after allowing an hour for break, and plaintiff does not even allege what the cook was paid in salary (DE 30 par.12). So too here, there is no allegation of a violation.

The only employee whom plaintiff even alleges (by hearsay) was not paid sufficiently was a single busboy whom plaintiff avers (by hearsay) was not paid any wages (DE 30 par.9).

Among all the employees who are possible class members, therefore, plaintiff fails to even allege a violation, except for a single busboy concerning whom plaintiff offers a bare unsupported hearsay averment without proof.  This single busboy can join the action on his own if he wishes.  There is no need to encumber the action (or this Court) with the delay, extra work and expense of a class action.

Third, nor has plaintiff shown (or even alleged) that these proposed class members desire to opt-in to the proposed class.  Plaintiff's affidavit is devoid of any such averment (DE 30).  This is a separate ground for denying plaintiff's motion.  *Dybach v. State of Florida Dept. of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991) (the district court "should satisfy itself that there are other employees ... who desire to opt in before conditionally certifying a class action"); *Parker v. Rowland Express, Inc.,* 492 F.Supp.2d 1159, 1164-65 (D.Minn. 2007) ("before a conditional certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt into the litigation"; citing numerous cases at 1165-66)).

Fourth, the minimal amount of time involved in plaintiff's FLSA claim further counsels against a class action.  Within the 3-year limitations period under the FLSA (29 USC 255(a)), plaintiff worked for defendants for only 3 months, March-June 2014 (DE 1 par.17, complaint).  Plaintiff should not be permitted to leverage this *de minimis* employment period into a class action.

Nor does plaintiff dispute the time frame.  Defendants have moved to dismiss plaintiff's federal-law claim for the earlier 2008-2011 employment period on limitations grounds (DE 32 & DE 33 pp.1-2), and plaintiff does not oppose the limitations branch of defendants' dismissal

motion (DE 34).  It should be granted without opposition.  Plaintiff should not be permitted to parlay into an FLSA class action his remaining minimal 3-month employment period (March-June 2014) which, without dispute, is the only remaining time frame for his FLSA claim.

Fifth, and without prejudice to the above, plaintiff's motion is untimely.  This Court originally set a deadline of April 20, 2015 for plaintiff to file his class action motion (DE 24 p.1).  Plaintiff failed to meet this deadline and, one week after the deadline expired, moved for a retroactive extension of time on the ground of an alleged unexplained scheduling delay (DE 26).  This was hardly a showing of excusable neglect sufficient to warrant a post-deadline extension of time (Fed.R.Civ.P. 6(b)(1)(B)).  Defendants opposed the extension request (DE 28).  This Court then granted the retroactive extension, and plaintiff filed his motion on May 8, 2015 (DE 29-31) – almost 3 weeks after this Court's April 20, 2015 deadline (DE 24 p.1).  This Court should not have granted the extension which was not supported by a showing of excusable neglect.  *Lujan v. National Wildlife Federation,* 497 U.S. 871, 896 (1990) (under Fed.R.Civ.P. 6(b)(1)(B), "any postdeadline extension ... is permissible *only* where the failure to meet the deadline was the result of excusable neglect"; emp.added).

As a result, plaintiff's class action motion is untimely, in addition to its other deficiencies, discussed above.

-5-

## CONCLUSION

This Court should deny plaintiff's motion to conditionally certify a class action and should grant to defendants all relief which is just and appropriate.


Dated: May 22, 2015						LAW OFFICE OF DENNIS GROSSMAN
								Attorney for Defendants

									/s/ Dennis Grossman
								by:_____
									Dennis Grossman
								14 Bond Street (#600)
								Great Neck, New York 11021
								(516) 466-6690
								dagrossmanlaw@aol.com