UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOAQUIN A. TAPIA-CASTREJON,
*individually and on behalf of others* :
*similarly situated,*

                            Plaintiff, :

              -against- :

SAHARA EAST RESTAURANT :
CORP., *et ano.,*

                        :

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

14cv8080

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Joaquin Antonio Tapia-Castrejon brings this Fair Labor Standards Act ("FLSA")

and New York Labor Law ("NYLL") action against Sahara East Restaurant Corporation

("Sahara East") and its owner, Mahoud Ahmed Ali Gomaa.  Tapia-Castrejon moves for an order

conditionally certifying this action as a collective action pursuant to the Fair Labor Standards

Act, 29 U.S.C. § 216(b).  Defendants move for judgment on the pleadings pursuant to Federal

Rule of Civil Procedure 12(c) to dismiss certain NYLL claims.

BACKGROUND

        The following facts are gleaned from the Complaint and presumed true for

purposes of these motions.  Tapia-Castrejon worked at Defendants' restaurant, Sahara East, at

184 First Avenue in Manhattan as a busboy.  Compl. ¶ 12.  He had two periods of employment:

first from 2008-2011, and then from March to June 2014.  During both periods, he worked

approximately 11 hours per day, 6 days per week, for a total of 66 hours per week.  Compl. ¶ 19.

Defendants paid him in cash, $100 per day until September 2011, then half his wages during his

last three weeks of work in September 2011, and no wages thereafter.  Compl. ¶¶ 20-22.

Tapia-Castrejon brings this suit alleging minimum wage and overtime claims under the FLSA and NYLL, and various violations of NYLL's Wage Theft Prevention Act.  He alleges, inter alia, Sahara East willfully failed to pay him the applicable minimum wage, Compl. ¶¶ 19–20, 23; Sahara East never paid him overtime premium for the hours he worked in excess of forty each week, Compl. ¶24; and Sahara East paid Tapia-Castrejon partially in cash and failed to provide him with a wage statement, Compl. ¶¶22, 27.

DISCUSSION

I.    Motion for Conditional Certification

a.   Legal Standard

Tapia-Castrejon moves to conditionally certify a collective action, based on the theory that the putative plaintiffs "together were victims of a common policy or plan that violated the law." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  In deciding whether to certify an FLSA case as a collective action, courts in this circuit follow a "two-step method": (1) notice to potential class members; and following discovery, (2) a determination of whether the opt-ins are indeed similarly situated.

The first step, at issue here, involves an initial determination to send notice to putative plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a [FLSA] violation has occurred." Myers, 624 F.3d at 555.  Orders authorizing notice are often referred to as orders "certifying" a collective action, although the FLSA does not contain a certification requirement. Garcia v. Spectrum of Creations Inc., No. 14 CIV. 5298

2

AJN GWG, 2015 WL 2078222, at *4 (S.D.N.Y. May 4, 2015) (citing Myers, 624 F.3d at 555

n.10). The act of "certifying" a collective action, however, means only that this Court has

"exercise[d] . . . [its] discretionary power . . . to facilitate the sending of notice to potential class

members." Myers, 624 F.3d at 555 n.10. At this preliminary stage, the approval of a collective

action amounts to a "'case management' tool for district courts to employ in 'appropriate

cases.'" Myers, 624 F.3d at 555 n.10 (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S.

165, 169, 174 (1989)).

     For notice and conditional certification to be appropriate here, plaintiffs must

make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims

of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (citation omitted).

This showing "cannot be satisfied simply by 'unsupported assertions,' . . . but it should remain a

low standard of proof because the purpose of this first stage is merely to determine whether

'similarly situated' plaintiffs do in fact exist." Myers, 624 F.3d at 555 (citations omitted).

Conditional certification presents a low hurdle, but it is "not automatic." Romero v. H.B. Auto.

Grp., Inc., No. 11 Civ. 386(CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012).

     "[C]ourts in this circuit have routinely granted conditional collective certification

based solely on the personal observations" of a single plaintiff. Mata v. Foodbridge LLC, No. 14

CIV. 8754 ER, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (citations omitted). And

contrary to Defendants' assertions, "courts in this Circuit regularly rely on [hearsay] evidence to

determine the propriety of sending a collective action notice." Hamadou v. Hess Corp., 915 F.

Supp. 2d 651, 664 (S.D.N.Y. 2013) (quoting Moore v. Eagle Sanitation, 276 F.R.D. 54, 59

(E.D.N.Y. 2011)). However, attempts by a single plaintiff to represent an "overly broad class"

3

of employees should not be countenanced.  See Mata, 2015 WL 3457293, at *3; Qing Gu v. T.C.

Chikurin, Inc., No. 13cv2322 (SJ) (MDG), 2014 WL 1515877, at *4 (E.D.N.Y. Apr. 17, 2014).

        b.  Analysis

        Tapia-Castrejon submits an affidavit recounting his observations about the

circumstances of other restaurant employees.  He maintains that neither he nor the only other

busboy employed by Defendants, who worked similar hours, received any wages.  (Pl. Aff. ¶ 9).

This is sufficient to warrant notice to a potential class of busboys.

        While his affidavit identifies five other coworkers—three waiters, one

dishwasher, and one cook—who he ostensibly observed working similar hours, "he includes no

concrete facts evidencing a common scheme or plan of wage and hour violations for employees

engaged in different job functions." Mata, 2015 WL 3457293, at *3 (citations omitted); see also

Sanchez v. JMP Ventures, L.L.C., No. 13 CIV. 7264 KBF, 2014 WL 465542, at *1-2 (S.D.N.Y.

Jan. 27, 2014) (noting insufficiency of allegations by a plaintiff employed solely as a delivery

person pertaining to a class of all tipped employees, including delivery persons, bussers, runners,

waiters, and bartenders).  Tapia-Castrejon fails to provide concrete facts "demonstrating

knowledge of a common scheme impacting the diverse array of employees" he seeks to include

in his proposed class. Mata, 2015 WL 3457293, at *3.

        Accordingly, Tapia-Castrejon's motion for conditional approval of a collective

action is granted but only as to individuals who performed busboy services for defendants.  See

Garcia v. Spectrum of Creations Inc., No. 14cv5298 AJN GWG, 2015 WL 2078222, at *7

(S.D.N.Y. May 4, 2015).  Tapia-Castrejon's motion with respect to employees performing other

functions is denied without prejudice to its renewal upon a more developed factual record. See

4

Mata, 2015 WL 3457293, at *5; Feng v. Hampshire Times, No. 14 Civ. 7102 (SHS) (JLC), 2015 WL 1061973, at *4 (S.D.N.Y. Mar. 11, 2015)).

"Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date." Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010) (collecting cases). Therefore, Defendants are directed to provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers, and dates of employment of the six named coworkers identified in Tapia-Castrejon's affidavit, Doc. 30, as well as all persons employed as busboys within the last three years.

Because this Court's conditional certification is limited to busboys, and because Plaintiff asserts only one other busboy was employed by Defendants, Plaintiff's application to post the proposed notice at Defendants' workplace is denied at this time. Counsel should confer on the best methods to be used to reach other busboys, if any exist. See, e.g., Garcia v. Spectrum of Creations Inc., No. 14cv5298 AJN GWG, 2015 WL 2078222, at *9 (S.D.N.Y. May 4, 2015) (suggesting the enclosure of notice with a pay envelope).

II.     Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings to dismiss plaintiff's 2008-2011 NYLL claims[1] for lack of supplemental jurisdiction. A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367 provides for supplemental

---

[1] The statute of limitations bars his FLSA claims for the 2008-2011 period, but not his NYLL claims.

jurisdiction over claims that are "so related" to federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2006). Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (citation omitted). The Second Circuit has held the exercise of supplemental jurisdiction over NYLL claims in an FLSA action "clearly" appropriate where they "arise out of the same compensation policies and practices of [the same employer]." Shahriar, 659 F.3d at 245. Here, Tapia-Castrejon's two periods of employment arise out of the same compensation policies and practices of the same employer, and therefore derive from a common nucleus of operative fact. A gap in employment alone does not sever claims from the common nucleus of fact. Accordingly, supplemental jurisdiction over Tapia-Castrejon's NYLL claims covering his 2008-2011 employment period is appropriate.

Where section 1367(a) is satisfied, "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." Shahriar, 659 F.3d at 245 (emphasis in original). Even then, it is permissive, not mandatory. Shahriar, 659 F.3d at 245-46. The Defendants here urge the court to decline to exercise supplemental jurisdiction under 1367(c)(2), which permits a court to do so when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c).

Defendants argue that because the time period covered by the state law claims is more extensive than that covered by the federal claims, the state law claims "predominate" and this Court should decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(2). The

6

relative length of employment for state versus federal claims is not an appropriate metric for measuring predominance, which "generally goes to the type of claim" at issue. See Shahriar, 659 F.3d at 246 ("Predomination under section 1367 generally goes to the type of claim, not the number of parties involved."). Accordingly, Defendants' motion for judgment on the pleadings is denied.

## CONCLUSION

Plaintiff's motion for conditional certification as to busboys employed by Defendants within the last three years is granted. Plaintiff's motion as to other employees is denied without prejudice to its renewal upon a more developed factual record.

Defendants are directed to produce to Plaintiff a list of the aforementioned information regarding the named coworkers identified in Plaintiff's declaration and all those employed as busboys within the last three years, no later than September 3, 2015.

Plaintiff is directed to submit a revised proposed order, consistent with this Memorandum & Order, no later than September 3, 2015.

Defendants' motion for judgement on the pleadings is denied.

The Clerk of the Court is directed to terminate the motions pending at ECF No. 29 and 32.

Dated: August 18, 2015
     New York, New York

                                                       SO ORDERED:

                                                  WILLIAM H. PAULEY III
                                                      U.S.D.J.

*All Counsel of Record via ECF.*